```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  JARED C. DOLAN
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2767
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,      )
                               ) NO. CR.S-06-107-KJM
            Plaintiff,         )
                               )
      v.                       ) STIPULATION AND ORDER
                               )
                               )
                               )
MELODI FAE HARRIS,             )
                               )
            Defendant.         )
_____)
```

IT IS HEREBY STIPULATED by and between the parties through their respective counsel, JARED DOLAN, Assistant United States Attorney, for the government, RACHELLE BARBOUR, Research and Writing Attorney and BENJAMIN GALLOWAY, Assistant Federal Defender of the Federal Defender's Office, for Ms. HARRIS, that the hearing, TCH, and trial dates in this case be vacated, and the matter continued to December 15, 2012 at 10:00 a.m. for status on the defendant's motion to dismiss.

The parties further stipulate that time should continue to be excluded from the speedy trial calculation under the Speedy Trial Act through the date set for status conference on the defendant's motion to dismiss, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T4, for counsel preparation, because the interests of justice served by granting this continuance outweigh the interests of the defendant and the public in a speedy trial, and pursuant to § 3161(h)(1)(D) and Local

1  Code E, because of the pendency of the pretrial motion.

2  The reason for the continuance is that the Ninth Circuit has not yet ruled en banc in United States v. Havelock, 619 F.3d 1091, C.A. No. 08-10472 (9th Cir. 2010). That case was argued before the en banc panel on June 21, 2011. The resolution in that case will likely be dispositive regarding a majority of counts in this case, and therefore will control the disposition of the pending motion to dismiss. Havelock also changes the landscape of this case for trial. It will be extremely difficult and time-consuming to proceed to trial without finality regarding Havelock, and could result in substantial inefficiency and duplication of time and effort.

At this point, Havelock has been under submission to the Ninth Circuit for almost six months. While it is impossible to speculate as to the eventual decision the court might reach, it appears likely that the Court's eventual holding will require additional briefing by the parties and substantial consideration by the Court. Rather than continuing the briefing dates and reserving yet another trial date, the parties believe that it is prudent to vacate all dates and set this case for monthly status conferences on the defendant's pending motion to dismiss. When the Ninth Circuit decides Havelock, the parties will confer and try to determine the best way to bring any remaining issues before the Court for timely disposition.

///
///
///
///

2

Accordingly, the parties request that all the pending dates be vacated and that the Court set a status date of December 15, 2011 to address the status of the defendant's motion to dismiss.

DATED: November 17, 2011

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

/s/ Jared Dolan for
RACHELLE BARBOUR
Research and Writing Attorney

/s/ Jared Dolan for
BENJAMIN GALLOWAY
Assistant Federal Defender

Attorneys for Defendant
MELODI HARRIS

DATED: November 17, 2011

BENJAMIN B. WAGNER
United States Attorney

/s/ Jared Dolan
JARED DOLAN
Assistant U.S. Attorney

**O R D E R**

After consideration, the Court grants the parties' request and vacates the December 1, 2011 motion hearing, December 8, 2011 trial confirmation hearing, and January 30, 2012 trial date in this case. The case is continued to December 15, 2011 at 10:00 a.m. for status on the defendant's motion to dismiss. Time is excluded from the speedy trial calculation until December 15, 2011, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T4, for counsel preparation. The Court finds that the interests of justice served by granting this continuance outweigh the interests of the defendant and the public in a

speedy trial.  Time is also excluded pursuant to § 3161(h)(1)(D) and Local Code E, because of the pendency of the pretrial motion.

DATED:  November 28, 2011.

_____
UNITED STATES DISTRICT JUDGE

4