UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

MELODI FAE HARRIS,

          Defendant.

_____/

NO. CR. S-06-00107 KJM

ORDER

        Defendant Melodi Fae Harris is charged with four counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c), and three counts of transmitting threats by interstate communication, in violation of 18 U.S.C. § 875(c). (Superseding Indictment, ECF 141.) On May 16, 2012, defendant filed a motion to dismiss counts one through four for failure to state an offense. (ECF 145.) The government filed an opposition to the motion on June 13, 2012. (ECF 146.) Defendant filed a reply on June 27, 2012. (ECF 147.) On July 18, 2012, the court heard argument on defendant's motion to dismiss. Defendant was present out of custody at the hearing, with her counsel, Rachelle Barbour and Benjamin Galloway. The government was represented by Assistant United States Attorney Jared Dolan. Following oral argument the court took the matter under submission. For the following reasons, the motion to dismiss is denied.

/////

/////

I. <u>Background</u>

Defendant is charged with four counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). (ECF 141.) The indictment alleges defendant used the Postal Service to mail four written communications addressed to MIC 83 of the Employment Development Department ("EDD") containing threats to injure P.H. and another. (*Id.* ¶¶ 2, 4, 6 and 8.) It further alleges "MIC 83 was an internal mail identification code at the Employment Development Department which routed incoming mail to the Director's Office" and "[a]n individual with the initials P.H. was a natural person and the Director of EDD." (*Id.* ¶ 1b, c.)

Defendant, relying on *United States v. Havelock*, 664 F.3d 1284 (9th Cir. 2012) (en banc), contends the government has failed to allege that the letters were addressed on the outside of the envelope to a natural person, as required by 18 U.S.C. § 876(c). (ECF 145 at 5, 6 (superseding indictment fails to allege a required element because "the written communications were addressed to a state agency").) Defendant argues "if the government cannot allege that each communication was addressed to a natural person, then the indictment fails." (*Id.* at 7.) She contends "MIC 83 is not a natural person" and that the government only alleges "that MIC 83 is used internally to route mail to a certain office at EDD and that a human being is in charge of that office." (*Id.* at 8.)[1] Defendant further contends the government's "theory of guilt is wrong and does not support the required element." (ECF 147 at 5.) The government opposes defendant's motion as insisting on a level of hypertechnicality not required by law; it contends that "[r]eading the superseding indictment in a common sense manner, it alleges that an EDD insider sent threatening communications addressed to the office of the Director of the EDD, who was a natural person" and that these allegations are sufficient to state an offense. (ECF 146 at 4.)

/////

---

[1] The court does not consider defendant's contention that MIC 83 is "held out by EDD as the mailing address for 'General Questions or Comments' by the agency" and used as the code "for a broad set of individuals and purposes" (*id.* at 9-10), and denies defendant's requests for judicial notice of the EDD's webpage and "Comments, Complaints, and Suggestions" form (Exs. A and B, ECF 145-1). *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment."); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

II. <u>Standard for Review of Suffiency of the Indictment</u>

> An indictment . . . must meet the requirements of both the Due
> Process Clause and Federal Rule of Criminal Procedure 7. Under
> the Due Process Clause, an indictment . . . is sufficient if it first,
> contains the elements of the offense charged and fairly informs a
> defendant of the charge against which he must defend, and,
> second, enables him to plead an acquittal or conviction in bar of
> future prosecutions for the same offense. Federal Rule of Criminal
> Procedure 7 requires that an indictment . . . be a plain, concise, and
> definite written statement of the essential facts constituting the
> offense charged. An indictment is sufficient if it contains the
> elements of the charged crime in adequate detail to inform the
> defendant of the charge and to enable him to plead double
> jeopardy.

*United States v. Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012) (quotation marks and citations omitted). "The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979).

18 U.S.C. § 876(c) provides: "Whoever knowingly so deposits or causes to be delivered . . . any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined . . . or imprisoned . . . ." To state an offense under this section, an indictment must allege: "(1) the defendant's letter contained a threat to injure and (2) that the defendant knowingly caused the threatening letter to be deposited in the mail." *United States v. De La Fuente*, 353 F.3d 766, 770 (9th Cir. 2003). For purposes of this section, "person" means a natural person. *Havelock*, 664 F.3d at 1291-92.

III. <u>Analysis</u>

The superseding indictment in this case contains the elements of the offense charged in counts one through four and is sufficient to put defendant on notice of those charges against her. Defendant's contention that *Havelock* requires that the address on the outside of the communications' packaging state the name of a natural person relies on a reading that exceeds the decision in that case. The court in *Havelock* observed that "to fall under the purview of § 876(c), a communication must meet three requirements. The first requirement, 'with or without a name or designating mark subscribed thereto,' addresses a specific component of a communication, the signature. By contrast, the second and third requirements, 'addressed to any

other person and containing any threat to injure the person of the addressee or of another,'
appear to refer to the whole of the communication." *Havelock*, 664 F.3d at 1295-96. It held that
"while subsection (a)[2] concerns the instructions for mailing or delivery, which are necessarily on
the outside of the letter or of the package, subsection (c)–including the 'address to any other
person' requirement–concerns the communication inside the letter or package." *Id*. at 1294. The
court went on: "to determine to whom a threatening communication is 'addressed to,' a court
may consult the directions on the outside of the envelope or the packaging, the salutation line, if
any, and the contents of the communication." *Id.* at 1296. In *Havelock*, the six communications
at issue were addressed to media outlets and music-related websites and contained general
threats referring to "you" and Super Bowl XLII in the body. *Id.* at 1287. Here, in contrast, the
superseding indictment alleges the letters defendant sent contained threats to P.H. and another.[3]
Looking at "the whole of the communication," *id.* at 1296, as alleged in the superseding
indictment, the government has detailed each element of the charged offense by alleging the
communications were addressed to MIC 83, the internal code for the Director's office, at the
EDD and contained threats to injure at least one natural person, P.H., the director. With this
information, defendant is aware of the charges against her and has sufficient information to
enable her to plead double jeopardy if applicable.

/////

/////

---

[2]  18 U.S.C. § 876(a) provides:

> Whoever knowingly deposits in any post office or authorized
> depository for mail matter, to be sent or delivered by the Postal
> Service or knowingly causes to be delivered by the Postal Service
> according to the direction thereon, any communication, with or
> without a name or designating mark subscribed thereto, addressed
> to any other person, and containing any demand or request for
> ransom or reward for the release of any kidnapped person, shall be
> fined under this title or imprisoned not more than twenty years, or
> both.

[3] One of the letters in *Havelock* referred to a natural person; however, the indictment did
not refer to the natural person as the addressee and the government did not argue that the
package was addressed to a natural person. *Havelock*, 664 F.3d at 1293 n.6. Accordingly, the
court did not consider this fact. *Id.*

4

IV. Conclusion

Accordingly, defendant's motion to dismiss is DENIED.

DATED: August 28, 2012.

_____
UNITED STATES DISTRICT JUDGE